No. 80-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

SHAHRAM SHAHROKHFAR,

Plaintiff and Respondent,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant and Appellant.

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable Joseph Gary, Judge presiding.

Counsel of Record:

For Appellant:

Lyman H. Bennett, III argued, Bozeman, Montana

For Respondent:

Anderson, Edwards and Molloy, Billings, Montana
A. Clifford Edwards argued, Billings, Montana

Submitted:  September 21, 1981

Decided:  OCT 1 4 1981

Filed: OCT 1 4 1981

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant State Farm Mutual (State Farm) appeals an award of damages to the plaintiff. Plaintiff cross-appeals a District Court ruling that reduced a punitive damage award by the percentage that the plaintiff was found to be contributorily negligent. We affirm the award of damages to the plaintiff and reverse the reduction of punitive damages.

A State Farm insured had an automobile accident with one Bahram Shahrokhfar, brother of the plaintiff. State Farm paid the property damage of its insured and then, through an exercise of subrogation rights, filed an action to collect damages from the allegedly negligent third party. However, instead of suing Bahram Shahrokhfar, State Farm, through its agent, Robert Heath, mistakenly sued Shahram Shahrokhfar. The plaintiff, although disputed by State Farm, testified he advised State Farm that the wrong person had been sued. Nevertheless default judgment was taken against the plaintiff and thereafter his driving privileges were suspended. The plaintiff knew about the lawsuit but refused to take any action in defense, simply relying upon his notice to State Farm that the wrong party had been sued. State Farm eventually determined that the correct party was Bahram Shahrokhfar, and action was immediately taken to set aside the default judgment and reinstate plaintiff's driving privileges. The plaintiff subsequently sued State Farm grounded in the negligence of its agent and attorney, Robert Heath. The jury found:

1. State Farm, acting through its agent, Robert Heath, was negligent.

2. Such negligence was a proximate cause of the plaintiff's damage.

3. The plaintiff was contributorily negligent.

4. Plaintiff's contributory negligence was not a proximate cause of his damage.

5. Negligence was apportioned on the basis of eighty-four percent to the defendant and sixteen percent to the plaintiff.

6. The jury found actual damages in the amount of $850 and punitive damages in the amount of $80,000.

The trial judge reduced the entire damage award by the sixteen percent that the plaintiff was found to be negligent.

The following issues are raised by appellant:

1. Did the District Court err in failing to grant defendant's motion for a directed verdict based on plaintiff's failure to call an expert witness?

2. Did the District Court err in giving the standard negligence instruction instead of a negligence instruction tailored to the duty owed by an attorney?

3. Did the District Court err in failing to withdraw the question of punitive damages from the jury?

4. Did the District Court err in failing to instruct the jury on the doctrine of assumption of risk?

5. Did the District Court err in failing to instruct on mitigation of damages?

6. Did the District Court err in not requiring the jury to return a general verdict reducing the amount of damages themselves rather than reserving that matter for the court?

Plaintiff, as cross-appellant, raises the following issue:

-3-

1. Did the District Court err in reducing the punitive damage award by the percentage that the jury found the plaintiff to be negligent?

State Farm first argues that the District Court should have directed a verdict in favor of defendant because plaintiff did not produce an expert to testify that State Farm's agent, Robert Heath, was negligent. We hold that an expert witness was not necessary under these circumstances. The rule is well-established in Montana that, regarding matters ". . . with respect to which a layman can have no knowledge at all, the court and jury must be dependent on expert evidence." Callahan v. Burton (1971), 157 Mont. 513, 520, 487 P.2d 515, 518-519, quoting Schumacher v. Murray Hospital (1920), 58 Mont. 447, 462, 193 P. 397, 402. State Farm argues that the action of its agent, Robert Heath, in filing a complaint against the wrong defendant (1) involves the technical expertise of an attorney, (2) must be judged by the standards applicable to attorneys, and (3) the testimony of an attorney is necessary in order to determine whether the conduct conformed to acceptable practice for an attorney under similar circumstances.

In this case State Farm's agent, Robert Heath, an attorney, filed the complaint against a person who was not involved in the accident. Though this fact was brought to the attention of Heath, the litigation was pursued to judgment. Whether the actions of State Farm's agent and attorney under these circumstances were "negligent" was well within the realm of knowledge of a layperson. Nothing legally technical is involved in judging Heath's conduct. Expert testimony is not required and, under the facts of this case, would not have been helpful.

-4-

The second issue urged by appellant is that the District Court failed to properly instruct the jury on a "negligence standard."

Court's instruction no. 6 stated:

"Every person, or corporation, is responsible for injury to the person or property of another, caused by want of ordinary care or skill, (subject to the doctrine of comparative negligence, which is defined elsewhere in these instructions). When used in these instructions, negligence means want of such ordinary care or skill. Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done."

State Farm objected to the instruction for the reason that State Farm's attorney, Robert Heath, was acting in his professional capacity and the skill required of him was ordinary skill of a professional practicing in the same profession. Defendant proposed an instruction which provided:

"By undertaking professional service to a client, an attorney represents that he has the necessary degree of skill and learning to do so. That decree [sic] of skill and learning is generally measured by the skill and learning possessed by other attorneys in good standing practicing in similar localities under similar circumstances.

"It is his further duty to use that skill and learning as ordinarily used in like cases by reputable members of his profession practicing in similar localities and under similar circumstances and to be diligent and use his best judgment and learning in an effort to accomplish the purpose for which he is employed.

"The violation of any of these duties is a form of negligence.

"If you should find that Robert E. Heath failed to carry our [sic] on any one or more of these duties and such failure was the proximate cause of the damage to which the plaintiff complains, then your verdict must be for the plaintiff.

-5-

"The way in which you may decide whether Robert E. Heath possessed and used the knowledge and skill and care which the law demands of him is from evidence presented in this trial by attorneys called as expert witnesses."

Our disposition of the first issue resolves the propriety of giving the above-quoted instruction offered by State Farm. We have held that it was not necessary to call an expert witness and, therefore, it would have been improper to give the instruction offered by defendant.

Had defendant offered the instruction without reference to the necessity of calling expert witnesses, nevertheless, the District Court could not have committed error prejudicial to defendant State Farm by giving a standard instruction on negligence and refusing the instruction proposed by State Farm. An instruction which caused State Farm's attorney, Robert Heath, to be judged by professional standards would only increase the standard of care and require more of State Farm's attorney than was required under the instruction given by the court. Under these circumstances, State Farm clearly cannot claim prejudice.

In its third assignment of error, State Farm contends that punitive damages should have been withdrawn from the jury. Appellant argues that (1) there was no evidence of compensatory damage, and (2) the conduct of State Farm was legally insufficient to justify the submission of a punitive damage issue.

There was evidence from which the jury could infer that the plaintiff suffered restrictions, and thereby compensatory damage, from having his driving privileges revoked. Any substantial credible evidence of compensatory damages is sufficient to justify submission of punitive damages to the jury. Lauman v. Lee (1981), ___ Mont. ___, 626 P.2d 830, 38

St.Rep. 499.  In Lauman we affirmed an award of punitive damages although the jury failed to find any specific dollar amounts of compensatory damage suffered.  In this case the jury did make a finding of compensatory damage and awarded $850 therefor.  Under these facts there was sufficient evidence of compensatory damage to justify the submission of the punitive damage issue.

Next, appellant alleges error in submission of punitive damages claiming insufficient evidence of reprehensible conduct on the part of State Farm.  This contention is disposed of in Graham v. Clarks Fork Nat. Bank (1981), ___ Mont. ____, 631 P.2d 718, 38 St.Rep. 1140.  In the Graham case we found sufficient evidence to justify the submission of punitive damages from the following facts: (1) The defendant had seized plaintiff's cows, mistakenly thinking they belonged to a bank debtor; and (2) when the plaintiff attempted to recover his cows, the bank adamantly refused to divulge their location and thereafter returned them to the wrong location.  We held that such facts raised an issue for the jury's consideration of punitive damages under the "recklessness" standard enunciated in Klind v. Valley County Bank (1924), 69 Mont. 386, 222 P. 439.  In this case State Farm sued the wrong person and though advised of its mistake, refused to make a correction.  As in Graham, these facts are sufficient for the jury to determine that State Farm acted recklessly and that it be subject to the sanction of punitive damages.

Next, appellant urges reversal for failure of the District Court to instruct the jury on "assumption of risk." State Farm submitted an assumption of risk instruction which was refused. State Farm contends that the plaintiff assumed

-7-

the risk by failing to obtain legal counsel and allowing State Farm to proceed to a default judgment.

Assumption of risk is a defense which finds its roots in the employee/employer relationship. Its application to tortious conduct outside that relationship should be narrowly confined. The essence of assumption of risk is a contention that plaintiff voluntarily exposed himself to a danger which was fully appreciated. The conduct involves a subjective standard rather than the objective standard applicable to contributory negligence. Brown v. North Am. Mfg. Co. (1978), 176 Mont. 98, 576 P.2d 711.

Here the District Court determined there was sufficient evidence of carelessness on the plaintiff's part to require submission of contributory negligence to the jury. However, the trial court determined that assumption of risk was not applicable. There is no evidence that the plaintiff fully appreciated the risk of not obtaining legal counsel. The District Court did not abuse its discretion in failing to instruct on the defense of "assumption of risk."

Appellant requested the trial court to instruct on "mitigation of damages" and proposed the following instruction:

> "A person who has sustained damage by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize the damages, and he may not recover for damages which could have been prevented by reasonable efforts on his part or by expeditures [sic] that he might reasonably have made."

Counsel for the plaintiff objected to the proposed instruction for the reason that the District Court had previously instructed on comparative negligence and the mitigation instruction was repetitious. Plaintiff further argued that the proposed instruction was in conflict with

the comparative negligence instruction because failure to mitigate damage could prevent recovery rather than reduce recovery. The District Court refused the instruction.

State Farm argues for mitigation premised upon the same facts submitted to the jury for consideration under comparative negligence. We agree with the plaintiff that, under the facts of this case, it would have been improper to instruct on "mitigation of damages." The jury properly was allowed to consider plaintiff's conduct in failing to respond to the summons and in failing to retain counsel, under the comparative negligence instruction. Any negligence found to exist would properly reduce compensatory damages suffered. Nothing else could be accomplished with a "mitigation of damage" instruction and the trial court properly refused to inject this repetitious and potentially confusing issue.

The last issue raised by State Farm claims error in the District Court's refusal to allow the jury to return a general verdict. Special interrogatories, usually strongly supported by defense attorneys, were submitted to the jury and the jury made special findings which have been previously set forth in this opinion. The special findings of the jury could not have worked any prejudice for State Farm, but do provide the basis for plaintiff's cross-appeal.

The verdict form found that plaintiff was negligent but that such negligence was not a proximate cause of plaintiff's damage. However, the jurors, when later questioned by the District Court, stated that they intended to reduce plaintiff's award by the percentage the jury found plaintiff to be negligent. Based upon this assurance, the District Court reduced plaintiff's damages by sixteen percent, the percentage found by the jury to represent plaintiff's negligence.

Both the compensatory and punitive awards were so reduced.

The jury's explanation to the District Court was inconsistent with the finding made by the jury on the verdict form. However, the only party who could be prejudiced was the plaintiff and the plaintiff does not claim error. Plaintiff concedes that the compensatory award can be reduced by sixteen percent although on the verdict form plaintiff's negligence was not found to be a proximate cause of damage. Plaintiff only assigns error arising out of reduction of the punitive damage award.

This Court has not previously ruled on the question of whether punitive damages can be reduced by the percentage of plaintiff's contributory negligence. Since the purpose of punitive damages is to punish the defendant and not to compensate the plaintiff, we find that such an award bears no reasonable relationship to the plaintiff's conduct. Therefore, we hold that punitive damages cannot be reduced by the percentage of plaintiff's contributory negligence. This holding is supported by other jurisdictions. Amoco Pipeline Co. v. Montgomery (W.D. Ok. 1980), 487 F.Supp. 1268; Tampa Electric Co. v. Stone & Webster Engineering Corp. (M.D. Fla., Tampa Div., 1973), 367 F.Supp. 27.

The compensatory damages of $850 are reduced by plaintiff's contributory negligence in the amount of sixteen percent. The punitive damage award in the amount of $80,000 is affirmed in total. This case is remanded to the District Court with directions to enter judgment accordingly.

_____
Justice

-10-

We concur:

_____
Chief Justice

_____

_____

_____
Justices