**Sandra FRILEY, et al., Plaintiffs,**

v.

**INTERNATIONAL PLAYTEX, INC., Defendant.**

No. 82–4103–CV–C–5.

United States District Court, W.D. Missouri, W.D.

Aug. 13, 1984.

Roger C. Brown, Jefferson City, Mo., for plaintiffs.

Thomas O. Baker, Thomas N. Sterchi, Kansas City, Mo., for defendant.

### ORDER

SCOTT O. WRIGHT, Chief Judge.

Before entering judgment in this strict products liability/negligence case, the Court must consider whether the jury's punitive damage award must be reduced by the plaintiff's percentage of fault. Missouri law, which has only recently adopted a system of comparative fault, has not addressed this issue. Nevertheless, Missouri law is quite clear that punitive damage awards are intended not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from similar conduct. *See* MAI 10.02 (1983 Revision), 10.04 (1983 Revision). Consequently, the Court is of the opinion that the punitive damage award in this case should not be reduced by the plaintiff's percentage of fault because punitive damages are designed to benefit and protect society as a whole. The extent of the particular plaintiff's fault is simply irrelevant. This view is in accord with the overwhelming weight of authority. *See, e.g., Campbell v. Van Roekel,* 347 N.W.2d 406 (Iowa 1984); *Shahrokhfar v. State Farm Mut. Auto. Ins. Co.,* 634 P.2d 653 (Mont.1981); *Amoco Pipeline Co. v. Montgomery,* 487 F.Supp. 1268 (W.D.Okla.1980).

Of course, the jury's award of $6,500.00 in compensatory damages must be reduced by the plaintiff's percentage of fault. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983) (en banc). The jury found that the plaintiff was 49% at fault. Consequently, the plaintiff will be entitled to recover 51% of her compensatory damages.

Accordingly, it is hereby

ORDERED that the punitive damage award of $50,000.00 shall *not* be reduced by the plaintiff's percentage of fault. It is further

ORDERED that the compensatory damage award shall be reduced to $3,315.00.