No. 84-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

JOHN W. DOBLE and JOYCE L.
DOBLE, husband and wife,

Plaintiffs and Respondents,

-vs-

LINCOLN COUNTY TITLE COMPANY,
a Montana corp.,

Defendant and Appellant,

and

SAFECO TITLE INSURANCE COMPANY OF
IDAHO, an Idaho corp.,

Defendant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Boone, Karlberg & Haddon; Sam E. Haddon argued for
Lincoln County Title, Missoula, Montana
Oleson & DeJana; Richard DeJana, Safeco Title Ins.
Co., Kalispell, Montana

For Respondent:

Jonkel & Kemmis; Daniel O. Kemmis argued, Missoula,
Montana

Submitted : September 25, 1984

Decided: January 4, 1985

Filed: JAN 4 1985

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a negligence action against Lincoln County Title Company. Judgment was entered in the District Court of Lincoln County against Lincoln County Title Company alone following a trial by jury. Lincoln County Title Company appeals. We reverse and remand for a new trial.

## Issues

(1) Whether plaintiff failed to establish a prima facie case of negligence in the absence of expert testimony on the standard of care required of a title insurance company?

(2) Whether the verdict and judgment against Lincoln County Title Company was contrary to law and the evidence?

(3) Whether it was error for the District Court to refuse Lincoln County Title's proposed instructions no. 37 and no. 39?

## Facts

John W. Doble and his wife, Joyce L. Doble, plaintiffs below and respondents herein, jointly owned substantial tracts of real estate in Lincoln County, Montana. Doble's father, John H. Doble, owned other tracts in the same vicinity. In 1966 all of the Dobles brought a quiet title action in the Eleventh Judicial District in Lincoln County, the results of which can be found in Doble v. Talbott (1979), 180 Mont. 166, 589 P.2d 994. In that action, evidence of separate ownership was presented by the parties, i.e. father's ownership separate from son's ownership. The District Court granted judgment for the Dobles in their quiet title action

2

on January 6, 1967, but failed to indicate separate ownership of the tracts in the decree.

In 1975 all the Dobles negotiated to sell their properties to a group from Ohio known as the Amish and a commitment for title insurance was ordered from Lincoln County Title Company, a local agent for Safeco Title Insurance Company.

The title commitment was issued April 30, 1975, containing no reference to the 1966 quiet title action or decree of 1967.

In 1977 a federal court judgment was entered in a wrongful death case against the elder Doble and a writ of execution was levied on all the Doble property. The young Dobles became understandably excited and filed a motion to amend the 1967 judgment nunc pro tunc to reflect the separate ownership. The Nineteenth Judicial District Court granted that motion the same day.

This appeal stems from a case brought against Lincoln County Title and Safeco Title Insurance Company of Idaho to recover, inter alia, attorney's fees incurred by Dobles in the nunc pro tunc action. The theory of recovery was that the defendants were negligent in 1975 when the title commitment for sale of the property to the Amish was issued without setting up the 1967 quiet title decree as an exception.

At the trial below, plaintiffs produced extensive testimony as to the work done in the nunc pro tunc action but no expert testimony as to the standard of care required of a title insurance company. Defendants, however, produced two witnesses, both attorneys, who testified as experts that title standards were not violated in 1975 by issuance of the title commitment without reference to the 1967 title quiet decree.

## Expert Testimony

Whether plaintiff failed to establish a prima facie case of negligence in the absence of expert testimony on the standard of care required of a title insurance company?

While expert testimony has been required in Montana in various medical, dental and drug manufacturing cases, no rule has been established in Montana with regard to title insurers.

In his treatise on torts, Prosser described the standard of care on the part of various professional people:

> "Professional men in general, and those who undertake any work calling for special skill, are required not only to exercise reasonable care in what they do, but also to possess a standard minimum of special knowledge and ability. Most of the decided cases have dealt with physicians and surgeons but the same is undoubtedly true of dentists, pharmacists, attorneys, architects and engineers, abstracters of title, and many other professions and even skilled trades." (Emphasis added.) William L. Prosser, Law of Torts, 4th Ed. (1971), pp. 161-2.

In Montana we have applied similar reasoning in Hill v. Squibb and Sons (1979), 181 Mont. 199, 592 P.2d 1383. This Court required expert testimony on the question of the adequacy of warning on a drug product and stated:

> "There are no Montana cases specifically holding that a plaintiff must produce expert testimony to sustain an action against a drug company for failure to warn adequately of side effects of its products. There are, however, numerous Montana decisions to the effect that, in a malpractice suit against a doctor or dentist, expert evidence is the only proper guide and without it a plaintiff cannot recover. (cases cited) We hold that the reasoning of these decisions extends to the situation involved here.
>
> "In matters 'with respect to which a layman can have no knowledge at all, the court and jury must be dependent on expert evidence.' Callahan, 157 Mont. at 520, (181 Mont. at 207.)"

So far as the title insurance company is concerned, the duty in passing on title to real property is similar to a lawyer's duty in the examination of title from a review of the

4

abstract. That duty is summarized in Clinton v. Miller (1951), 124 Mont. 463, 483-84, 226 P.2d 487, as follows:

"It is the function of an attorney at law retained to pass upon a title to determine from the abstract, or from the original records and instruments, if his employment extends to them, where the title rests, and what liens or encumbrances, if any, exist against the property involved. An attorney so employed must be held to have undertaken to use a reasonable degree of care or skill and to possess to a reasonable extent the knowledge requisite to a proper performance of his duties and he will be held liable to his client for injury resulting as a proximate consequence from the want of such knowledge and skill or from the failure to exercise such care. Such title examiner should be familiar with the statutes and decisions of his own state and he must apply the settled rules of law that should be known to all conveyancers."

The plaintiffs failed to present expert testimony with regard to the title standard which they contended the title insurance company must meet; or evidence that their expert witnesses qualified by training and experience to know what the standard was; and that the defendant title insurance company violated the applicable standard.

We hold that the reasoning of the foregoing authorities is applicable here and that the plaintiffs must produce expert testimony to establish the standard of care required of a title insurance company. Title examination is complex and intricate and beyond the common understanding of lay persons. In the absence of such expert testimony, we further hold that the plaintiff failed to establish a prima facie case of negligence in the violation of a standard of care required of a title company.

## The Agency Relationship

Whether the verdict and judgment against Lincoln County Title Company was contrary to law and the evidence?

Here, the agreed facts as between the parties were contained in a pre-trial order which in part stated:

"3. Lincoln County Title Company is a Montana corporation which was, at the time of the issuance of the title insurance commitment and the title insurance policy referred to in the Complaint, an agent for the purposes of selling title insurance of The Title Insurance Company, an Idaho corporation, and of Safeco Title Insurance Company of Idaho."

In addition, the transcript shows that Lincoln County Title Company at all times was acting as the agent of defendant Safeco Title Insurance Company of Idaho.

In substance, instruction no. 16 told the jury that a principal is bound by the acts of his agent.

We hold that the verdict and judgment against Lincoln County Title Company only is not supported by the evidence. A new trial is required.

## Refused Instructions

Whether it was error for the District Court to refuse Lincoln County Title's proposed instructions no. 37 and no. 39?

These offered instruction are as follows:

"No. 37: An abstracter has the duty to properly search the public record and find all documents that may affect the title to the property.

"No. 39: Plaintiffs must prove each of the following allegations by a preponderance of evidence in order to recover from Defendants:

"1. That Plaintiffs ordered a preliminary title commitment from Defendants.

"2. That Plaintiffs relied on the preliminary title commitment for purposes other than closing the sale between Plaintiffs and the Amish.

"3. That Defendants knew or should have known that Plaintiffs would so rely on the preliminary title commitment.

"4. That Defendants had a duty to Plaintiffs to properly search the public record and list all items that have an effect on the record title.

"5. That Defendants failed to list quiet title action cause no. 4447.

6

"6. That the failure to list quiet title action cause no. 4447 was negligence.

"7. That Plaintiffs suffered damages.

"8. That the damages were proximately caused by Defendants' negligence."

Because this case is being sent back for new trial, it is important to rule upon these instructions. The defendant Lincoln County Title Company is entitled to adequate instructions on its theory of the case. As stated by this Court in Wollan v. Lord (1963), 142 Mont. 498, 504, 385 P.2d 102:

"A trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions, . . . or where it is not applicable to the pleadings and the evidence . . . However, a party has a right to have instructions given which are adaptable to his theory of the case . . . especially where, as here, the refusal of the instructions deprived the appellant of a possible defense. This was prejudicial error. . . ."

The proposed instructions correctly set forth the theory of the Lincoln County Title Company and should be given upon request at retrial.

We reverse the District Court and order a new trial.

_____
Justice

We concur:

_____

_____
Justices

_____
Honorable Chan Ettien,
District Judge, sitting in
place of Mr. Justice Frank
B. Morrison, Jr.

Honorable Joseph B. Gary,

District Judge, sitting in

place of Mr. Justice John C.

Sheehy

_John S. Henson_

Honorable John S. Henson,

District Judge, sitting in

place of Mr. Chief Justice

Frank I. Haswell

Mr. Justice L. C. Gulbrandson specially concurring.

I concur generally with the majority opinion but I do not agree with the order for new trial.

Counsel for defendant Lincoln County Title Company moved for dismissal at the close of plaintiff's case-in-chief and the motion was denied by the trial judge.

The majority opinion holds: "In the absence of such expert testimony, we further hold that the plaintiff failed to establish a prima facie case of negligence in the violation of a standard of care required of a title company."

In my view, the appropriate remedy, based on that holding would be to remand to the District Court for entry of an order dismissing the action and granting judgment for the defendants.

_L. C. Gulbrandson_
Justice

8

The Honorable Joseph B. Gary, District Judge, sitting in place of Mr. Justice John C. Sheehy, dissenting.

I dissent from the above-opinion and would affirm the trial court, with certain modifications. In the majority opinion the facts are very well stated but I would take issue with the majority opinion requiring expert testimony and the question of refused instruction no. 37 and 39 offered by Lincoln County Title Company.

On the question of expert testimony, the facts show the Plaintiffs obtained a title commitment from the Defendant Lincoln County Title which commitment was issued by Lincoln County Title as agent of Safeco Title Insurance Company of Idaho. The commitment failed clearly to state the exception in the 1966 quiet title action decree. The Plaintiffs entered into an agreement to sell the subject real estate, and after the agreement to sell was executed the defects were discovered and the Plaintiffs were required to expend $34,580.66 to correct the defects in the title.

This Court, in a 1983 case of Malinak v. Safeco Title Insurance Company of Idaho, 661 P.2d 12, made an exhaustive study of the law applicable to the issuance of a title commitment. The Court said on page 15, of this opinion, the following:

> "A title commitment naturally contemplates a search by the title insurer of the chain of title, an opinion by an expert of what the search reveals, a guaranty that the search was accurate and that the title commitment expresses the quality of the title of the seller as shown by the record. The person who seeks a title insurance commitment expects to obtain a professional title search, as well as a professional legal opinion as to the condition of the title and a guaranty that the title expressed in the commitment will be insured to the extent of the policy coverage. A title commitment does not propose that the title company will insure the property; rather that the title company will insure the title. The title insurer, of course, does not agree to clear the title; rather by its commitment, the title company agrees to afford coverage in a title policy later to be issued insuring the title

9

according to its commitment." Malinak, supra at 15.

The Court adopted the basic premises from Jarchow v. Transamerica Title Insurance, 48 Cal.App.3d 917, and stated:

"It is within the expectations of the parties, the seller ordering the title commitment and the title insurer inspecting the public records, that the title commitment will accurately reflect the insurability of the title, or the condition of the public record, as the case may be, with respect to that title. We find a duty on the part of the title insurer when it issues a title commitment which later forms the basis for a title insurance policy, particularly where the seller relies on the title commitment, to base its title commitment and report upon a reasonably diligent title search of the public records. A breach of that duty would constitute negligence. Malinak, supra at 15-16.

This was the latest case by the Supreme Court on the question of title commitments and the trial court, by instruction no. 11, encompassed within that instruction the Supreme Court's holding from Malinak, supra and clearly set forth the duty as required by this Court. The jury having been properly instructed found in favor of the Plaintiff and against the Defendant Lincoln Title Company and it is my opinion that the Defendant's instruction no. 37 and 39 amount to a comment upon the evidence and the pertinent points elicited therein were completely covered by the Court's instruction no. 11. The juries verdict should be affirmed in that respect.

On the question of an expert witness, it is granted that the majority opinion and the appellant cited Prosser on Torts concerning the law applicable to physicians, surgeons, attorneys, etc. On the question of the necessity of expert testimony, however, it is important to note, in determining whether there was error that requires a reversal, that the Appellant-Defendant offered testimony by experts that the title company had exercised diligence and care and this testimony was not persuasive upon the jury for they found against Lincoln. It is my opinion that this is not a case requiring expert testimony such as a surgeon,

physician, architect, attorneys, or the pharmacist or one of the learned arts. An application was made for a title insurance commitment and the eventual issuance of a title insurance policy. As the Court said in Malinak, supra, care must be exercised in a search of the records and failure to exercise care constitutes negligence per se. If there were defects not disclosed, then a violation of the duty is found and does not require an attorney or an abstracter to say the duty was not performed. In Shahrokhfar v. State Farm Mutual Auto Insurance Company, 634 P.2d 653, it was held on page 656 that expert testimony is required only regarding matters "with respect to which a layman can have no knowledge at all." The commitment was made as a basis for an insurance policy and this Court said in the recent case, General Insurance Company of America v. Town Pump, Inc. and Bozeman Town Pump, Inc., Supreme Court Cause No. 84-108, as follows:

> "Protection against liability for negligence is the principal purpose of liability policies like the one we are reviewing here. It is well established that mere negligence on the part of an insured will not defeat recovery on a policy. The insurer assumes the risk of negligence and recovery is permitted even though the negligence of the insured contributed to the loss. 18 Couch on Insurance 2d (Revised), § 74:639, 961-962 (1983).

In essence, the Court held that if you have an insurance policy and in the absence of a clause exonerating the insurance company, the company is responsible for the matters for which the policy was purchased. In this case, a commitment from Lincoln was purchased to protect the seller from an undisclosed defects and if there were defects, it was the duty of the company to disclose them which it did not do and under the applicable law both Lincoln and Safeco Title Insurance Company should be responsible. Again, if defects are not disclosed it does not take an expert to tell the jury that. The jury with its own common knowledge can tell if defects were missed.

11

Therefore, the requirement of having an expert testify not only adds to the time and expense of the trial as unnecessary and in addition, in this case, expert testimony was offered which did not convince the jury.

On the question of agency, the Court indicates that if Lincoln Title Company is liable that Title Insurance Company of Idaho should likewise be liable. I would agree with this and believe that this could be corrected by granting the Plaintiff's Motion for A Judgment Notwithstanding the Verdict that was made and refused by the trial court. An examination of the exhibits clearly shows that Lincoln Title was acting as agent for Safeco and under the doctrine of respondeat superior the Title Insurance Company should be held jointly liable with the Lincoln Title Company. This could be done by merely directing the trial court to grant the Motion for A Judgment Notwithstanding the Verdict. It appears to me to be unfair to Lincoln County to have to retry this case when the issues of law have been properly submitted to a jury as enunciated in Malinak, supra. It is this Judge's opinion that the trial court committed no error other than the failure to grant the Motion for the Judgment Notwithstanding the Verdict.

Honorable Joseph B. Gary,
District Judge, sitting in
place of Mr. Justice John C.
Sheehy

I join in the dissent of the Honorable Joseph B. Gary.

Justice