MR. JUSTICE GARY, District Judge, sitting in place of MR. JUSTICE SHEEHY,
dissenting:
I dissent from the above-opinion and would affirm the trial court, with certain modifications. In the majority opinion the facts are very well stated but I would take issue with the majority opinion requiring expert testimony and the question of refused instruction No. 37 and 39 offered by Lincoln County Title Company.
On the question of expert testimony, the facts show the Plaintiffs *8 obtained a title commitment from the Defendant Lincoln County Title which commitment was issued by Lincoln County Title as agent of Safeco Title Insurance Company of Idaho. The commitment failed clearly to state the exception in the 1966 quiet title action decree. The Plaintiffs entered into an agreement to sell the subject real estate, and after the agreement to sell was executed the defects were discovered and the Plaintiffs were required to expend $34,580.66 to correct the defects in the title.
This Court, in a 1983 case of Malinak v. Safeco Title Insurance Company of Idaho, 661 P.2d 12, made an exhaustive study of the law applicable to the issuance of a title commitment. The Court said on page 15, of this opinion, the following:
“A title commitment naturally contemplates a search by the title insurer of the chain of title, an opinion by an expert of what the search reveals, a guaranty that the search was accurate and that the title commitment expresses the quality of the title of the seller as shown by the record. The person who seeks a title insurance commitment expects to obtain a professional title search, as well as a professional legal opinion as to the condition of the title and a guaranty that the title expressed in the commitment will be insured to the extent of the policy coverage. A title commitment does not propose that the title company will insure the property; rather that the title company will insure the title. The title insurer, of course, does not agree to clear the title; rather by its commitment, the title company agrees to afford coverage in a title policy later to be issued insuring the title according to its commitment.” Malinak, supra at 15.
The Court adopted the basic premises from Jarchow v. Transamerica Title Insurance, 48 Cal.App.3d 917, 122 Cal.Rptr. 470, and stated:
“It is within the expectations of the parties, the seller ordering the title commitment and the title insurer inspecting the public records, that the title commitment will accurately reflect the insurability of the title, or the condition of the public record, as the case may be, with respect to that title. We find a duty on the part of the title insurer when it issues a title commitment which later forms the basis for a title insurance policy, particularly where the seller relies on the title commitment, to base its title commitment and report upon a reasonably diligent title search of the public records. A breach of that duty would constitute negligence. Malinak, supra at 15-16.
This was the latest case by the Supreme Court on the question of *9 title commitments and the trial court, by instruction No. 11, encompassed within that instruction the Supreme Court’s holding from Malinak, supra, and clearly set forth the duty as required by this Court. The jury having been properly instructed found in favor of the Plaintiff and against the Defendant Lincoln Title Company and it is my opinion that the Defendant’s instruction Nos. 37 and 39 amount to a comment upon the evidence and the pertinent points elicited therein were completely covered by the Court’s instruction No. 11. The jury’s verdict should be affirmed in that respect.
On the question of an expert witness, it is granted that the majority opinion and the appellant cited Prosser on Torts concerning the law applicable to physicians, surgeons, attorneys, etc. On the question of the necessity of expert testimony, however, it is important to note, in determining whether there was error that requires a reversal, that the Appellant-Defendant offered testimony by experts that the title company had exercised diligence and care and this testimony was not persuasive upon the jury for they found against Lincoln. It is my opinion that this is not a case requiring expert testimony such as a surgeon, physician, architect, attorneys, or the pharmacist or one of the learned arts. An application was made for a title insurance commitment and the eventual issuance of a title insurance policy. As the Court said in Malinak, supra, care must be exercised in a search of the records and failure to exercise care constitutes negligence per se. If there were defects not disclosed, then a violation of the duty is found and does not require an attorney or an abstracter to say the duty was not performed. In Shahrokhfar v. State Farm Mutual Auto Insurance Company, (Mont. 1981), 634 P.2d 653, it was held on page 656 that expert testimony is required only regarding matters “with respect to which a layman can have no knowledge at all.” The commitment was made as a basis for an insurance policy and this Court said in the recent case, General Insurance Company of America v. Town Pump, Inc. and Bozeman Town Pump, Inc., (Mont. 1984), [214 Mont. 27,] 692 P.2d 427, as follows:
“Protection against liability for negligence is the principal purpose of liability policies like the one we are reviewing here. It is well established that mere negligence on the part of an insured will not defeat recovery on a policy. The insurer assumes the risk of negligence and recovery is permitted even though the negligence of the insured contributed to the loss. 18 Couch on Insurance 2d (Revised), sec. 74:639, 961-962 (1983).
*10 In essence, the Court held that if you have an insurance policy and in the absence of a clause exonerating the insurance company, the company is responsible for the matters for which the policy was purchased. In this case, a commitment from Lincoln was purchased to protect the seller from an undisclosed defect and if there were defects, it was the duty of the company to disclose them which it did not do and under the applicable law both Lincoln and Safeco Title Insurance Company should be responsible. Again, if defects are not disclosed it does not take an expert to tell the jury that. The jury with its own common knowledge can tell if defects were missed. Therefore, the requirement of having an expert testify not only adds to the time and expense of the trial as unnecessary and in addition, in this case, expert testimony was offered which did not convince the jury.
On the question of agency, the Court indicates that if Lincoln Title Company is liable the Title Insurance Company of Idaho should likewise be liable. I would agree with this and believe that this could be corrected by granting the Plaintiff’s Motion for A Judgment Notwithstanding the Verdict that was made and refused by the trial court. An examination of the exhibits clearly shows that Lincoln Title was acting as agent for Safeco and under the doctrine of respondent superior the Title Insurance Company should be held jointly liable with the Lincoln Title Company. This could be done by merely directing the trial court to grant the Motion for A Judgment Notwithstanding the Verdict. It appears to me to be unfair to Lincoln County to have to retry this case when the issues of law have been properly submitted to a jury as enunciated in Malinak, supra. It is this Judge’s opinion that the trial court committed no error other than the failure to grant the Motion for the Judgment Notwithstanding the Verdict.
MR. JUSTICE SHEA joins in the dissent of the HON. JOSEPH B. GARY.