Larry HALE and Linda Hale,
Plaintiffs,

v.

The FIRESTONE TIRE & RUBBER
COMPANY, and the Budd
Company, Defendants.

No. 78–0266–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

March 31, 1986.

Risjord & Curtis, P.C., Kansas City, Mo., for plaintiffs.

William Sanders, Robert Horn, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for Firestone.

Tom Schulte, Karen Iverson, Lathrop, Koontz, Righter, et al., Kansas City, Mo., for Budd.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

In this exploding RH5° wheel rim case, the jury found in favor of plaintiff Larry Hale both on his strict liability-design defect claim and on his negligent failure to warn claim. The jury also found that, under each claim, Larry Hale was 5% at fault for his injuries. The jury assessed Larry Hale's total actual damages at $679,000.00 and assessed punitive damages against defendant Budd Company in the amount of $1,500,000.00. The jury further found in favor of plaintiff Linda Hale on her consortium claim under both the strict liability and negligence theories. The jury assessed Linda Hale's actual damages at $225,000.00.

Before entering judgment herein, the Court must consider four issues: (1) whether contributory negligence is a partial defense to a strict liability claim; (2) whether Larry Hale's fault should diminish Linda Hale's recovery of her actual damages; (3) whether Larry Hale's percentage of fault should be assessed against his and Linda Hale's actual damages *before or after* subtracting the amount of plaintiffs' settlement with Firestone; and (4) whether Larry Hale's percentage of fault should reduce the amount of punitive damages awarded to him. The Court will make the following rulings:

■ 1. At least two courts[1] have ruled that, as a matter of Missouri law concern-

---

1. *See Gearhart v. Uniden Corp. of America*, 781 F.2d 147 (8th Cir.1986); *Lippard v. Houdaille*

ing comparative fault, ordinary contributory negligence is a partial defense to a strict liability claim. While noting that the Missouri Supreme Court will have the final word on this issue[2] and that there is strong authority on both sides of the question,[3] this Court will follow Missouri law as it presently stands and will apply Larry Hale's percentage of fault to reduce his recovery under his strict liability claim as well as his negligence claim.

■ 2. Having decided that Larry Hale's fault will diminish his recovery, it is but a small step to further hold that Larry Hale's fault will diminish his wife's recovery as well. A loss of consortium claim is "derivative" of the injured spouse's claim. Before Missouri adopted comparative fault, the contributory negligence of the injured spouse defeated recovery by the consortium spouse. Under comparative fault principles, the result should be analagous.[4]

3. Before trial, plaintiffs settled with defendant Firestone. Under Missouri law, a non-settling defendant is entitled to credit the amount of a settlement against his actual damages liability. *See* Mo.Rev.Stat. § 537.060. The question presented here is whether the amount of the Firestone settlement ($625,000.00) should be credited before or after decreasing plaintiffs' actual damages ($904,000.00 total) by Larry Hale's percentage of fault (5%).

This issue has substantial monetary significance. If the settlement is credited *before* taking Larry Hale's fault into account, Budd would be liable for $265,050.00 in actual damages. ($904,000 − $625,000 = $279,000; $279,000 × 95% = $265,050). On the other hand, if the settlement is credited *after* taking Larry Hale's fault into account, Budd would be liable for "only" $233,800.00 in actual damages ($904,000 × 95% = $858,800; $858,800 − $625,000 = $233,800). Thus, there is $31,250.00 riding on the disposition of this issue.

■ The Court's research has revealed no Missouri case addressing this question. Nevertheless, the Court believes that it is the better view, and most likely the view of the Missouri Supreme Court,[5] that the amount of the settlement should be subtracted *after* decreasing plaintiffs' actual damages by Larry Hale's percentage of fault. This approach allows the nonsettling defendant full credit for a settlement against the amount of its *liability*, not merely against the total amount of the plaintiff's damages. Such an approach is preferable since it advances the Missouri settlement statute's purpose of preventing double recovery by a plaintiff.[6] Thus,

*Ind.*, No. 49226 (Mo.St.App., December 3, 1986). In *Gearhart*, the Eighth Circuit suggested that this Court had previously held in *Friley v. International Playtex, Inc.*, 604 F.Supp. 126 (W.D. Mo.1984), that contributory negligence is a partial defense to a strict liability claim. That characterization of *Friley* is not accurate. In *Friley*, this Court was required to reduce the plaintiff's actual damages by her percentage of contributory negligence because the jury returned a general verdict which did not indicate whether it found in favor of plaintiff on her strict liability claim, her negligence claim, or both. Thus, the Court could not be certain that the jury had not found for plaintiff only under her negligence claim; accordingly, plaintiff's actual damages had to be reduced by her percentage of fault. In contrast, the jury in the instant case returned special verdicts expressly finding defendant Budd liable under each theory.

**2.** On February 21, 1986, the Missouri Supreme Court accepted transfer of the *Lippard* case.

**3.** *Compare Simpson v. General Motors*, 108 Ill.2d 146, 90 Ill.Dec. 854, 483 N.E.2d 1 (1985) (strict liability recovery not diminished by plaintiff's ordinary negligence); *Speck v. Unit Handling Division*, 366 N.W.2d 543 (Iowa 1985) (same) *with Daly v. General Motors*, 20 Cal.3d 725, 144 Cal.Rptr. 380, 575 P.2d 1162 (1978) (strict liability recovery diminished by plaintiff's negligence).

**4.** *See* Conway, *Comparative Fault in Missouri*, 50 Mo.L.Rev. 141, 144–45 (1985).

**5.** *See* Conway, *Comparative Fault in Missouri*, 50 Mo.L.Rev. at 155.

**6.** To illustrate, suppose that plaintiff (P) sues two defendants (D1 and D2). P's undisputed actual damages total $100,000.00. Before trial, D1 settles with P for $50,000.00. At trial, the jury finds P and D2 to be 50% at fault each and assesses P's total damages at $100,000.00.

Clearly, D2 is liable for no more than $50,000.00. Since P has already collected $50,-

plaintiffs' actual damages recovery against defendant Budd will be reduced to $233,-800.00.

4. The final issue before the Court is whether Larry Hale's fault should diminish the jury's punitive damage award of $1,500,000.00. The Court previously addressed this issue in *Friley,* and held that punitive damages should not be reduced by the plaintiff's percentage of fault. 604 F.Supp. at 126.

Accordingly, it is hereby

ORDERED that defendant Budd's liability for plaintiffs' actual damages is reduced to $233,800.00. It is further

ORDERED that the punitive damage award of $1,500,000.00 shall not be reduced by Larry Hale's percentage of fault.

000.00 from D1, D2 should get full credit for that settlement and P should be entitled to nothing from D2. If the D1 settlement is credited before taking P's fault into account, however, P would be able to collect $25,000.00 from D2. ($100,000 − $50,000 = $50,000; $50,000 × 50% = $25,000.00). Such a result would, in effect, permit double recovery of that $25,000.00 by P.