**John LYNN, Plaintiff/Respondent,**

v.

**Floyd LEAKE and Mary Lou
Leake, Defendants,**

and

**Westfield Industries, Ltd.,
Defendant/Appellant.**

No. 64778.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 30, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Mark G. Arnold, Christine F. Miller, Husch & Eppenberger, St. Louis, for appellant.

Don R. Sherman, Goffstein, Kraus, Siegel & Sherman, St. Louis, for respondent.

REINHARD, Judge.

Defendant Westfield appeals the judgment rendered against it in a personal injury case, arguing the trial court erred in calculating the offset against the final judgment attributable to the pre-trial settlement of two co-defendants. We affirm.

The Leakes owned a tractor which, when purchased, had a shield which covered the rear of the drive shaft. Either the Leakes or plaintiff removed the shield. Plaintiff was injured when his clothing caught in the drive shaft, which was supplying power to an auger manufactured by Westfield. Plaintiff filed this action against defendants. In his count against the Leakes he alleged they were negligent for failing to provide a shield for the drive shaft and failing to warn him of the dangers associated with the unprotected drive shaft. In his count against Westfield, he alleged it was negligent for failing to provide a shield on the auger.

Prior to trial, the Leakes settled with plaintiff for $225,000. At trial, the jury found that plaintiff was 90% at fault in causing the accident. It also found that plaintiff's total damages were $2,500,000. The trial court entered judgment for plaintiff in the amount of $250,000, reflecting Westfield's 10% share of liability.

Westfield filed a post-trial motion to amend the judgment by offsetting the settlement amount ($225,000) against the judgment. The trial court granted the motion to offset, but only offset $22,500 (10% of the settlement).

In Westfield's sole point on appeal it contends the trial court erred in computing, pursuant to § 537.060, RSMo 1986, the offset for the settlement. Section 537.060 provides (in relevant part):

When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, ... such agreement shall reduce the claim by the stipulated

amount of the agreement, or in the amount of consideration paid, whichever is greater. In computing the amount of the reduction necessary to reflect the judgment, the trial court followed *Jensen v. ARA Services, Inc.,* 736 S.W.2d 374 (Mo. banc 1987), which requires the court to deduct the amount of any settlement from total damages prior to calculating the percentage of fault. *Id.* at 377–78. Thus, in the instant case:

```
$ 2,500,000   (Plaintiff's total damages)
-   225,000   (Co-defendants' settlement)
= 2,275,000
- 1,947,500   (Plaintiff's 90% liability)
=   227,500   (Westfield's fault)
```

Westfield urged the trial court to follow the procedure outlined in *Schiles v. Schaefer,* 710 S.W.2d 254 (Mo.App.1986), where we held that "[t]he settlement should not change the amount of damages plaintiffs' can recover, it should only reduce the amount that the non-settling defendants are responsible for." *Id.* at 277. If the *Schiles* approach were followed in the instant case, it would yield the following result:

```
$ 2,500,000   (Plaintiff's total damages)
- 2,250,000   (Plaintiff's 90% liability)
=   250,000
-   225,000   (Co-defendants' settlement)
=    25,000   (Westfield's fault)
```

Defendant contends that the *Jensen* and *Schiles* courts did not "[consider] the policy implications when, as here, the plaintiff's comparative fault exceeds 50%." It further contends the *Jensen* rule, in such a situation, "gives the plaintiff a substantial windfall, at the expense of the relatively less culpable defendant. For that reason it ˙encourages plaintiffs to settle against some, but not all defendants."

In addition to its reliance on *Schiles,* Westfield also relies on *Scott v. Cascade Structures,* 100 Wash.2d 537, 673 P.2d 179 (banc 1983).[1] However, *Schiles* was expressly overruled by *Jensen,* and the *Jensen* court specifically considered *Scott* and rejected its logic. The court held that, had the settling defendant remained a party, the jury might

have assessed a lower percentage of fault to the plaintiff. *Jensen,* 736 S.W.2d at 377.

We affirm.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Defendant also cites *Goulet v. Whitin Machine Works, Inc.,* 399 Mass. 547, 506 N.E.2d 95 (1987); *Peterson v. Multnomah County School Dist.,* 64 Or.App. 81, 668 P.2d 385 (1983); *Hale v. Firestone Tire & Rubber Co.,* 636 F.Supp. 585 (W.D.Mo.1986) in support of its position.