# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER WILDBAHN and RUTH WILDBAHN,

      Plaintiffs-Appellants,

v

KMG PRESTIGE, INC.,
d/b/a BRETON VILLAGE APARTMENTS,

      Defendant-Appellee.

UNPUBLISHED
March 15, 2016

No. 324517
Kent Circuit Court
LC No. 13-008157-NO

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiffs Roger and Ruth Wildbahn[1] appeal as of right the trial court's grant of summary disposition in favor of defendant KMG Prestige, Inc., in this slip and fall case. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 29, 2011, at approximately 9:00 a.m., Roger and his neighbor, Sandra Price, exited plaintiffs' first-floor apartment at Breton Village Apartments through the back patio door. To reach Roger's vehicle, which was parked in a rear parking lot, Roger and Price walked on paver blocks leading from plaintiffs' back patio to a mulched area surrounding a paved courtyard. They continued through the mulch, walking between shrubs and a bench, in order to cross the courtyard, which included shuffleboard courts and benches for the tenants' recreation. As they walked, Price and Roger both noticed a patch of ice near the bench closest to plaintiffs' patio blocks. This ice was visible from up to 15 feet away.

When Roger and Price returned to the apartment complex, Price walked ahead of Roger on the same path that they took out of the building. Both were carrying groceries. As Price turned to warn Roger to avoid the ice that they had seen previously, she watched him slip and fall on that ice. Roger suffered a broken leg.

---

[1] In the interest of clarity, we will refer to the plaintiffs by their first names when referring to them individually in this opinion.

In August 2013, plaintiffs filed a complaint, alleging claims arising from common law negligence and statutory violations under MCL 554.139.[2] Defendant moved for summary disposition under MCR 2.116(C)(10), asserting, *inter alia*, that the open and obvious danger doctrine barred plaintiffs' common law negligence claim and that plaintiffs could not demonstrate a violation of MCL 554.139. In response, plaintiffs asserted that a genuine issue of material fact existed as to the intended use of the courtyard and as to whether defendant failed to keep the courtyard fit for this use pursuant to MCL 554.139. Plaintiffs did not address the merits of their common law negligence claim. Additionally, plaintiffs attached a proposed amended complaint as an exhibit to their response to defendant's motion for summary disposition, but they did not separately move for leave to file an amended complaint at that time.

The trial court granted defendant's motion for summary disposition. Consistent with plaintiffs' agreement at the summary disposition hearing to dismiss the common law negligence claim and proceed on the statutory claim, the trial court held that the open and obvious danger doctrine barred plaintiffs' common law negligence claim. Additionally, it held that even if it assumed that the intended purpose of the courtyard was to provide an alternate route for accessing the parking lot, plaintiffs could not establish that the courtyard was not fit for its intended purpose. It noted that Roger and Price had utilized the same path earlier that morning, and that Price had successfully navigated the courtyard using the exact same path as plaintiff without falling. The trial court also rejected plaintiffs' claim that the parties contractually altered defendant's statutory obligation through the lease because the complaint did not include a breach of contract claim. Finally, the trial court did not consider plaintiffs' proposed amended complaint because (1) plaintiffs never moved for leave to file it and (2) plaintiffs did not attach the lease agreement to the proposed amended complaint as required by MCR 2.113(F)(1).

Plaintiffs subsequently filed a motion for reconsideration of the trial court's grant of summary disposition in conjunction with a motion to file an amended complaint. The trial court denied the motion for reconsideration on the grounds that plaintiffs could not demonstrate a palpable error. The trial court also denied plaintiffs' motion to file an amended complaint, reasoning that the issue was moot.

## II. SUMMARY DISPOSITION

Plaintiffs first argue that the trial court erred in granting summary disposition in favor of defendant with regard to their statutory claim under MCL 554.139(1)(a). We disagree.

## A. STANDARD OF REVIEW

We review *de novo* a trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), we may only consider, in the light most favorable to the party opposing the motion, the evidence that was before the trial court, which

---

[2] Plaintiff Ruth only alleged a loss of consortium claim, which was derivative to Roger Wildbahn's claims.

consists of "the 'affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties.' " *Calhoun Co v Blue Cross Blue Shield Michigan*, 297 Mich App 1, 11; 824 NW2d 202 (2012), quoting MCR 2.116(G)(5). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## B. ANALYSIS

It is undisputed that the area in which Roger fell was a common area. Accordingly, plaintiffs' claims are limited to defendant's statutory duty to maintain the premises under MCL 554.139(1)(a),[3] which provides, "In every lease or license of residential premises, the lessor or licensor covenants . . . [t]hat the premises and all common areas are fit for the use intended by the parties." Thus, given the uncontested nature of the area, our inquiry turns to identifying the intended use of the courtyard and whether it was fit for that use. See MCL 554.139(1)(a). Even if we assume, without deciding,[4] that the courtyard was intended to be used as an alternate route for accessing the parking lot, plaintiffs have not established the existence of a genuine issue of material fact as to whether the courtyard was unfit for that purpose.

MCL 554.139(1)(a) creates a duty of fitness. "[F]it for the use intended by the parties" means that the common area must be *adapted* or *suited* for the purpose intended by the parties. *Allison*, 481 Mich at 429. In *Allison*, the plaintiff argued that an apartment parking lot was not fit for its intended purpose based on two facts: (1) the lot was covered with two inches of snow, and (2) the plaintiff fell. *Id.* at 430. In rejecting the plaintiff's claims, the Michigan Supreme Court explained:

> The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Id.*]

---

[3] A landlord's statutory duty under MCL 554.139(1)(b) does not apply to common areas. *Allison*, 481 Mich at 432. Additionally, we recognize that "the open and obvious danger doctrine does not bar [a] plaintiff's claim against [a] defendant for violating its statutory obligation under MCL 554.139(1)(a)." *Benton v Dart Properties, Inc*, 270 Mich App 437, 445; 715 NW2d 335 (2006).

[4] The trial court similarly operated under this assumption when it decided defendant's motion for summary disposition.

Subsequently, we have held that the principles set forth in *Allison* apply to all common areas. *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010). Accordingly, a landlord is neither required to provide perfect maintenance nor ensure "the most accessible condition possible" in order to fulfill its duties on the statute. *Id*.

In this case, the evidence presented with defendant's motion for summary disposition and plaintiffs' response established that Price and Roger were able to walk through the courtyard, consciously avoiding the ice, within two hours of Roger's fall. Roger admitted that he and Price used the same path through the courtyard when they returned to plaintiffs' apartment with their groceries, at which time Price walked through the courtyard without any issues. The evidence also indicates that numerous other people were able to safely walk through the courtyard in order to assist Roger after his fall—including, among others, Jesse Treece, Ruth, Beverly McCondra, and EMS personnel—which plainly demonstrates that multiple individuals were able to use the courtyard for its intended purpose within minutes of the incident. The patch of ice was small in comparison to the rest of the courtyard, and the rest of the area did not have snow or ice on it. The ice was clearly visible to Roger before the fall and to individuals standing as much as 15 feet away after the fall. There is nothing in the record supporting the conclusion that the presence of the ice patch denied Roger reasonable access to his apartment from the parking lot, even though the courtyard was not in an "ideal condition." *Allison*, 481 Mich at 430. Again, perfect maintenance is not required under MCL 554.139(1)(a), and a landlord is not required to maintain a common area "in the most accessible condition possible." *Hadden*, 287 Mich App at 130.

In addition, Roger only needed to take a slightly different path through the remaining portion of the courtyard, which was undisputedly clear, in order to reach his patio. Changing his path would have constituted a mere inconvenience, and a "mere inconvenience" posed by a small patch of ice does not render the courtyard unfit for walking. See *Allison*, 481 Mich at 430. Cf. *Hadden*, 287 Mich App at 132 (finding that "black ice on a darkly lit, unsalted stairway," which may have been caused or increased by overflowing water from nearby gutters," posed a hidden danger that was greater than a "mere inconvenience"); *Benton v Dart Properties, Inc*, 270 Mich App 437, 438, 444; 715 NW2d 335 (2006) (concluding that a sidewalk that was "*covered* with ice" approximately four to five feet long with no lighting to illuminate the ice was not fit for walking, *i.e.*, the use intended by the parties [emphasis added]). Therefore, like the plaintiff in *Allison*, plaintiffs have failed to establish a genuine issue of material fact as to whether the courtyard was unfit for its intended use of providing an alternate route between the apartment building and the parking lot, as the only facts presented by plaintiffs to show that the common area was unfit for its intended purpose were the facts that (1) there was ice in an isolated portion of the courtyard and (2) Roger fell on this single patch of ice. See *Allison*, 481 Mich at 430.

Next, plaintiffs argue that the parties modified defendant's statutory duty so that defendant had a higher duty under the lease agreement to keep the courtyard "safe," not only "fit for its intended purpose," as required by MCL 554.139(1)(a). We disagree. MCL 554.139(2) provides that "parties to the lease . . . may modify the obligations imposed by this section where the lease . . . *has a current term of at least 1 year*." (Emphasis added.) If the statutory language is plain and unambiguous, we must apply it as written. *Ford Motor Co v Woodhaven*, 475 Mich 425, 438-439; 716 NW2d 247 (2006). The only lease presented in the trial court stated that (1) "[t]he initial term" of the agreement begins on October 24, 2008, and ends on September 30, 2009, and that (2) "the [a]greement will continue for successive terms of one month each unless

automatically terminated" as provided in the lease. Thus, because Roger's fall occurred on December 29, 2011, at which time the current lease term was month-to-month (based on the only lease proffered by plaintiff), the language in the lease did not modify defendant's duty to keep the courtyard fit for the use intended by the parties under MCL 554.139(1)(a). Therefore, the standard used by the trial court was proper.

Plaintiffs also appear to argue that defendant owed them a duty to remove the ice or provide a warning about the ice because it was not a natural accumulation. They assert that defendants proffered no evidence that the ice was a natural accumulation, and they contend, without citing any evidence in the lower court record, that "the logical conclusion is that this was snow that had melted after not being properly removed and had re-frozen." In support of this claim, plaintiffs cite two opinions in governmental liability cases—one of which was a dissenting opinion in a case that was later overruled—and they fail to explain how those unrelated cases apply to defendant's statutory duty in this case. Moreover, even if the source of the ice was dispositive here, plaintiffs proffer only speculation, and identify no evidence in the record, in support of their assertion that the ice was not a natural accumulation. Thus, we deem this argument unsupported and, therefore, abandoned. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority. Argument must be supported by citation to appropriate authority or policy. An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." [Citations omitted.]).

## III. MOTION TO FILE AN AMENDED COMPLAINT

Finally, plaintiffs argue that the trial court erred when it denied, contrary to MCR 2.116(I)(5), their motion to file an amended complaint after it granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We disagree.

### A. STANDARD OF REVIEW

A trial court's denial of a motion to amend is reviewed for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014), citing *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010).

### B. ANALYSIS

As an initial matter, we note that plaintiffs fail to dispute the basis of the trial court's ruling, which was that the issue was moot. When a party fails to address the basis of the trial court's decision, this Court "need not even consider granting . . . the relief [sought]." *Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997).

Nevertheless, even in reviewing the merits of plaintiffs' claim, we conclude that the trial court properly denied plaintiffs' motion to amend their complaint. MCR 2.116(I)(5) provides, "If the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the

court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." "MCR 2.118(A)(2) provides that '[e]xcept as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.' " *Wormsbacher*, 284 Mich App at 8 (alteration in original; citation omitted). "[I]n ordinary cases, motions to amend are generally granted." *Diem*, 307 Mich App at 216, citing *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). Likewise, "[b]ecause a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons." *Wormsbacher*, 284 Mich App at 8. "Reasons that justify denying leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant, or futility." *Id*. "An amendment would be futile if it is legally insufficient on its face, and the addition of allegations that merely restate those allegations already made is futile." *Id*. at 8-9; see also *Lane*, 231 Mich App at 697 ("An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim.").

Plaintiffs' amendment was futile. First, the proposed amended complaint merely restated the allegations already made. The only differences were: (1) the addition of two paragraphs concerning defendant's alleged duty to maintain the common areas in a "safe" condition under the lease (which included an additional parenthetical phrase in an attempt to plead an exception to the requirement that the lease had to be attached under MCR 2.113(E)); (2) an alteration in the heading of count one to indicate "*contractual and* statutory violations" instead of "*negligence and* statutory violations" (emphasis added); and (3) a handful of immaterial word changes. Except for these modifications, the text of the original complaint and the proposed amended complaint were practically identical. Most significantly, as discussed *supra*, plaintiffs' addition of the language in the lease to the complaint would not change defendant's obligation under the statute from "fit for its intended use" to "safe" because the current lease term was month-to-month. Accordingly, plaintiffs' additional claim arising from the language in the lease lacked merit, rendering the amendment futile.

Thus, the trial court did not abuse its discretion in denying plaintiffs' motion to file an amended complaint. See *Edry*, 486 Mich at 639.[5]

---

[5] The trial court denied plaintiffs' motion on the basis that the issue was moot in light of the procedural history of the case. In so ruling, it appears that the trial court failed to consider MCR 2.116(I)(5) and MCR 2.118 in making its ruling. Nevertheless, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Michigan Dept of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

## IV. CONCLUSION

The trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(10) and properly denied plaintiffs' motion to amend their complaint.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan