WORMSBACHER v PHILLIP R SEAVER TITLE COMPANY, INC

Docket No. 281209. Submitted February 4, 2009, at Detroit. Decided February 19, 2009. Approved for publication May 19, 2009, at 9:00 a.m.

Edwin Wormsbacher and W & F, L.L.C., brought an action in the Oakland Circuit Court against title insurers Phillip R. Seaver Title Company, Inc., and First American Title Insurance Company, alleging negligence and negligent misrepresentation regarding the defendants' failure during their title searches to advise the plaintiffs of a permanent injunction against the commercial use of parcels of realty purchased by the plaintiffs. The court, Daniel P. O'Brien, J., granted summary disposition for the defendants, ruling that one who contracts with a title insurer cannot maintain a tort action against the title insurer. Before signing the order of summary disposition, the court heard argument on a motion by the plaintiffs to amend their complaint to allege breach of contract. The court ultimately denied the plaintiffs' motion. The plaintiffs appealed.

The Court of Appeals *held*:

1. A title insurer and its agents do not have a professional duty of care to those who employ them, apart from their contractual obligations.

2. The trial court did not abuse its discretion by denying the plaintiffs' motion to amend their complaint. The proposed amendment was futile because it merely restated claims the plaintiffs had already made. Additionally, the proposed amendment was offered late and amendment would have prejudiced the defendants.

Affirmed.

ACTIONS — TORTS — TITLE INSURERS.

A person or entity that contracts with a title insurer may not bring a tort action against the title insurer concerning the title insurer's services to the person or entity.

*Ronald Michael Solomon* for the plaintiffs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *LeRoy L. Asher, Jr.*, and *Nicole S. Kaseta*), for the defendants.

Before: WILDER, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM. Plaintiff[1] appeals by right the trial court's order granting summary disposition in favor of defendants. We affirm.

## I. BACKGROUND

This negligence and negligent misrepresentation case arose out of plaintiff's purchase of four residential lots in a Rochester Hills subdivision. Related to the purchase, plaintiff hired defendants to conduct title searches and to provide title commitments. Plaintiff alleged that he relied on defendants' title searches and that defendants failed to apprise him of a permanent injunction barring commercial use of the lots. Therefore, plaintiff argued that defendants were liable in tort. After a hearing, the trial court granted defendants' motion for summary disposition on the basis of *Mickam v Joseph Louis Palace Trust*, 849 F Supp 516 (ED Mich, 1993), which held that Michigan law does not recognize tort claims against title insurers.

On appeal, plaintiff raises two arguments. First, plaintiff argues that the trial court erred by granting summary disposition on the basis that Michigan does not recognize tort actions against title insurers. Second, plaintiff contends that the trial court erred by denying his motion for leave to amend his complaint to add a breach of contract claim.

---

[1] Because Edwin Wormsbacher alleges that he is the sole owner of W & F, L.L.C., and because defendants do not dispute this fact, this Court refers to Wormsbacher as "plaintiff."

## II. SUMMARY DISPOSITION

We review the trial court's decision to grant a motion for summary disposition de novo. *Michigan Federation of Teachers & School Related Personnel, AFT, AFL-CIO v Univ of Michigan*, 481 Mich 657, 664; 753 NW2d 28 (2008).

A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone.[2] *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). Summary disposition under MCR 2.116(C)(8) is appropriate when "the opposing party has failed to state a claim on which relief can be granted." *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts, and are construed in the light most favorable to the nonmoving party. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Id.*

Plaintiff argues that the trial court erred when it granted summary disposition in defendants' favor based on *Mickam*. In *Mickam, supra* at 521-522, a federal district court, applying Michigan law, held that title insurers cannot be held liable in tort. The district

---

[2] We note that defendants relied on both MCR 2.116(C)(8) and MCR 2.116(C)(10) in support of their motion for summary disposition. A review of the record, however, demonstrates that both the parties and the trial court believed that the motion for summary disposition turned on whether *Mickam* precluded plaintiff from filing a tort action against his title insurers. Therefore, although the trial court did not specify as such, the trial court seemingly granted summary disposition under MCR 2.116(C)(8) for failure to state a claim.

court explained that, "[t]o protect the rights and expectations of the parties, a title insurer should be liable in accordance with the terms of the title policy only and should not be liable in tort. To hold otherwise does violence to the whole concept of insurance." *Id.* at 522. The *Mickam* court recognized that "no Michigan court has ever held that a title insurer or agent has a professional duty of care to those who employ them, outside of their contractual obligations." *Id.* at 521. Although the district court recognized the existence of a split among jurisdictions on this issue, it aligned with the decision that it considered most persuasive, *Anderson v Title Ins Co*, 103 Idaho 875; 655 P2d 82 (1982). *Mickam, supra* at 521-522. Applying the holding of *Mickam* to this case, plaintiff's complaint alleged two tort claims under which relief could not be granted. Therefore, the trial court correctly granted summary disposition in defendants' favor.

Plaintiff argues that factual differences between *Mickam* and this case render *Mickam* inapplicable. In *Mickam*, for example, the district court explained, "[w]hile Count II of Plaintiffs' complaint is titled 'Breach of Contract,' the parties have treated the claim as one for negligent misrepresentation as well." *Mickam, supra* at 520 n 3. In contrast, here, plaintiff pleaded both negligence and negligent misrepresentation. Plaintiff also insists that "the holding in *Mickam* was most certainly predicated upon the fact that the state trial court ruled that the Palace Trust was not a valid trust, coupled with the fact that the Mickams were not an insured under the policy." Plaintiff, however, provides no citations to support his assumptions. To the extent that plaintiff bases his reasoning on underlying files or records in *Mickam*, this Court cannot consider any documents not presented before the trial court at the time of its decision on the motion for summary

disposition in this case. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003). Further review of the relevant facts and issues reveals more similarities than differences between the two cases. Therefore, plaintiff's argument that *Mickam* is factually distinguishable fails.

Plaintiff next argues that the trial court erred by relying on *Mickam*. To buttress his argument, plaintiff relies on a 1939 United States Supreme Court case, which states, "nothing requires the state courts to adopt the rule which the federal or other courts may believe to be the better one, or to be consistent in their decisions if they do not choose to be." *Wichita Royalty Co v City Nat'l Bank of Wichita Falls*, 306 US 103, 109; 59 S Ct 420; 83 L Ed 515 (1939). The trial court, however, did not state that it felt required to accept the rule in *Mickam* as binding authority. Instead, the trial court made clear that *Mickam* offered only persuasive authority on which it could choose to rely. Plaintiff also directs our attention to *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004), which explains that "[a]lthough lower federal court decisions may be persuasive, they are not binding on state courts." Interestingly, after the Michigan Supreme Court clarified that lower federal court decisions represent only persuasive authority, the Court went on to rely on the decisions of two federal circuit courts of appeals because the Court found "their analyses and conclusions persuasive." *Id.* at 607. Similarly, here the trial court found the *Mickam* court's analysis persuasive, and the trial court's conclusion does not require reversal because "[a]lthough this Court is not bound by a federal court decision construing Michigan law, it may follow the decision if the reasoning is persuasive." *Allen v Owens-Corning Fiberglas Corp*, 225 Mich App 397, 402; 571 NW2d 530 (1997).

Plaintiff further argues that despite *Mickam*, numerous other state and federal district courts have imposed tort liability against a title insurance company. Plaintiff discusses several cases from other jurisdictions, none of which applies Michigan law. Additionally, plaintiff offers no caselaw to support his contention that this Court should ignore cases applying Michigan law and instead rely on cases applying other states' laws. Plaintiff also fails to adequately explain why we should ignore *Omega Healthcare Investors, Inc v First American Title Ins Co*, 2003 WL 79037 (D Mass, 2003), in which another federal district court applied Michigan law and dismissed a negligence claim against a title insurer on the basis of *Mickam*. Plaintiff briefly argues that we should disregard *Omega* because Massachusetts is one of the states that do not allow tort claims against title insurers. Plaintiff ignores, however, that the *Omega* court applied Michigan, not Massachusetts, law, stating that "[t]he application of Michigan law, however, does not allow Omega to assert its negligence claim." *Id.* at *3.

Plaintiff also relies on the Montana Supreme Court's decision in *Malinak v Safeco Title Ins Co of Idaho*, 203 Mont 69; 661 P2d 12 (1983). In *Malinak*, the court held that the lower court improperly granted summary judgment against a property owner when the lower court determined that the owner had no right of recovery against the title insurance companies that he hired. *Id.* at 70. In reaching its decision, the court viewed the roles of an abstractor and a title insurer as analogous:

> When a title insurer presents a buyer with both a preliminary title report and a policy of title insurance, two distinct responsibilities are assumed. In rendering its first service, the insurer serves as an *abstractor of title* and must list all matters of public record regarding the subject property in its preliminary report. The duty imposed upon

an abstractor of title is a rigorous one: An abstractor of title is hired because of his professional skill, and when searching the public records on behalf of a client, he must use the degree of care commensurate with that professional skill. The abstractor must report all matters which could affect his client's interests and which are readily discoverable from those public records ordinarily examined when a reasonably diligent title search is made. Similarly, a *title insurer* is liable for his negligent failure to list recorded encumbrances in preliminary title reports. [*Id.* at 75 (quotation marks and citations omitted; emphasis added).]

Unlike the analogous roles that the *Malinak* court observed, however, Michigan distinguishes between title insurers and abstractors.

In *Williams v Polgar*, 391 Mich 6; 215 NW2d 149 (1974), the Michigan Supreme Court clarified that title insurers and abstractors fill distinct roles, stating that "[i]t should be noted that this action is premised on negligence in a title search; an abstractor is not converted into a title insurer by virtue of our decision today." *Id.* at 21-22. Nowhere in *Polgar* does the Court recognize that parties may bring tort claims against title insurers. Instead, the Court addresses "the relatively narrow" issue whether a faulty abstractor should be liable for foreseeable, as well as known, reliance on the abstract by buyers. *Id.* at 9. The Court concluded that tort liability applies in this limited instance, stating, "We repeat that the only liability an abstracter has to an injured third-party is with respect to negligent performance of his or her contractual duty." *Id.* at 22. The federal district court in *Mickam* also noted the distinction that our Supreme Court made in *Polgar*. The court observed that while *Polgar* held that an abstractor could be liable in tort, "no Michigan court has ever held that a title insurer or agent has a professional duty of care to those who employ them,

outside of their contractual obligations." *Mickam, supra* at 521. Therefore, *Polgar* does not recognize tort claims against title insurers, and plaintiff's claims to the contrary are unpersuasive. In summary, the trial court's grant of summary disposition is affirmed.

### III. LEAVE TO AMEND

We review a trial court's decision regarding a party's motion to amend its pleadings for an abuse of discretion. *In re Kostin Estate*, 278 Mich App 47, 51; 748 NW2d 583 (2008). Thus, we defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCR 2.118(A) sets forth the requirements for amendment of pleadings. Specifically, MCR 2.118(A)(2) provides that "[e]xcept as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." *Kemerko Clawson, LLC v RxIv Inc*, 269 Mich App 347, 352; 711 NW2d 801 (2005). Because a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons. *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). Reasons that justify denying leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant, or futility. *Id.*

In denying plaintiff's motion to amend, the trial court relied on defendants' arguments and pleadings. Many of defendants' arguments addressed the futility of allowing plaintiff to amend his complaint. An amend-

ment would be futile if it is legally insufficient on its face, and the addition of allegations that merely restate those allegations already made is futile. *PT Today, Inc v Comm'r of Financial & Ins Services Office,* 270 Mich App 110, 143; 715 NW2d 398 (2006). Here, plaintiff's proposed amended complaint merely restated the tort claims appearing in his original complaint. Moreover, plaintiff's breach of contract claim pleaded the same elements of duty, reasonable care, and breach found in his existing tort claims. "An amendment is futile where the paragraphs or counts the plaintiff seeks to add merely restate, or slightly elaborate on, allegations already pleaded." *Dowerk v Oxford Charter Twp,* 233 Mich App 62, 76; 592 NW2d 724 (1998). Because plaintiff simply restated in his proposed amended complaint allegations already pleaded, the trial court's decision to deny plaintiff's motion to amend fell within the range of principled outcomes.

Further, plaintiff's motion to amend was not timely. Plaintiff could have asserted the breach of contract claim in his original complaint, in his response to defendants' motion for summary disposition, or during oral argument on defendants' motion for summary disposition. Plaintiff failed to do so. As counsel for the defendants argued, "He rolled the dice, he lost, you've ruled. Anything afterward, the *Amburgey* case, says that its not timely."

In *Amburgey v Sauder,* 238 Mich App 228, 230; 605 NW2d 84 (1999), this Court held that a woman bitten by a horse as she walked through a stable could not amend her complaint to assert a negligence claim. In this Court's view, discussing the negligence claim in the context of mediation and the motion for summary disposition did not bring the claim under the purview of MCR 2.118(C)(1). *Amburgey, supra* at 247-248. We

"recognized both the prejudice to the defendant and the untimeliness of the requested amendment" when the plaintiff did not move to amend until after the order granting summary disposition was entered. *Id.* at 248. Although here the trial court did not sign the order granting defendants' motion for summary disposition until after oral argument regarding plaintiff's motion to amend, this Court's reasoning in *Amburgey* remains instructive. In both cases, the prejudice stems from the fact that the new allegations were offered late, and not from the fact that they might cause the defendant to lose on the merits. *Knauff v Oscoda Co Drain Comm'r*, 240 Mich App 485, 493; 618 NW2d 1 (2000). Therefore, in addition to being futile, we consider plaintiff's motion to amend both untimely and prejudicial.

Affirmed.