*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HAROLD HOGAN,

        Plaintiff,

and

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

        Intervening Plaintiff-Appellant,

v

KORA MOMINEE-BURKE,

        Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 25, 2019

No. 343654
Wayne Circuit Court
LC No. 16-010956-NI

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Intervening plaintiff, VHS of Michigan, Inc., doing business as Detroit Medical Center, appeals by right the trial court's order granting summary disposition in favor of defendant, State Farm Mutual Automobile Insurance Company, an insurance action under the no-fault act, MCL 500.3101 *et seq.*, dealing with the ramifications of *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). We reverse and remand for further proceedings.

In September 2015, plaintiff, Harold Hogan, was involved in a motor vehicle accident with defendant, Kora Mominee-Burke. In August 2016, Hogan filed a complaint against

Mominee-Burke and State Farm, which was Hogan's no-fault insurer. With respect to Mominee-Burke, Hogan alleged that she operated her vehicle in a careless, reckless, and negligent manner and struck Hogan's car, resulting in serious and permanent injuries to Hogan. In regard to State Farm, Hogan alleged a first-party claim for personal protection insurance (PIP) benefits, along with a claim for underinsured motorist benefits pursuant to coverage contained in Hogan's State Farm policy. On May 19, 2017, VHS joined the suit, filing a complaint against State Farm as an intervening plaintiff after the trial court granted VHS's motion to intervene. VHS alleged that it provided over $46,000 in medical services to Hogan as part of his care following the accident. VHS asserted that despite receipt of reasonable proof of loss, State Farm failed to reimburse VHS for the expenses incurred in providing medical treatment for Hogan. VHS proceeded against State Farm on the basis of an alleged statutory cause of action available under the no-fault act, an assignment of rights for PIP benefits executed by Hogan, and on the basis of its purported status as a third-party beneficiary under the Hogan-State Farm contract of insurance. VHS neglected to attach the assignment to its complaint.

On May 25, 2017, *Covenant* was released by the Michigan Supreme Court. The *Covenant* Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196.[1] But the Supreme Court, citing MCL 500.3143 and *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998), made clear that its "conclusion . . . is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 217 n 40.

In June 2017, State Farm moved for summary disposition under MCR 2.116(C)(8) and (10) in regards to VHS's claims. State Farm argued that VHS did not have an independent statutory cause of action under the no-fault act following the decision in *Covenant*. With respect to the assignment, State Farm contended that VHS failed to attach the assignment to the intervening complaint, and that, regardless, it was barred by an anti-assignment clause in Hogan's insurance policy.[2] The anti-assignment clause required State Farm's consent to any assignment, and Hogan had not been given consent to assign his rights to VHS. Finally, in regard to the third-party beneficiary claim, State Farm maintained that it failed as a matter of law because VHS was not specifically designated as a beneficiary in the language of the insurance policy.

After oral argument, the trial court granted State Farm's motion for summary disposition. The trial court determined that *Covenant* barred VHS's statutory cause of action for PIP benefits under the no-fault act. The court further ruled that although *Covenant* noted that healthcare providers could pursue benefits under an assignment of rights, the anti-assignment clause in the State Farm policy was plain and unambiguous, precluding VHS's action predicated on the

---

[1] In *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017), this Court held "that *Covenant* applies retroactively."

[2] The clause provided that "[n]o assignment of benefits or other transfer of rights is binding upon us unless approved by us."

assignment.[3]  Lastly, the trial court found that while VHS was an incidental beneficiary under Hogan's insurance policy with State Farm, VHS did not qualify as a valid third-party beneficiary because VHS was not specifically identified in the policy as an intended beneficiary.  The court granted the summary disposition motion *without prejudice*, as it was not clear to the court whether, despite its rulings, VHS could rejoin the suit as an intervenor in some other capacity.  In its order granting the motion for summary disposition, the court indicated that VHS "may file a motion to intervene on a theory other than assignment."  VHS filed a motion to intervene, essentially raising the same issues as previously presented to the court.  Although we cannot locate the order in the lower court record, VHS indicates that the motion was denied, and subsequent orders were entered dismissing and closing the case as to all parties.  This appeal followed.

On appeal, VHS argues that the trial court erred in granting State Farm's motion for summary disposition because VHS obtained a valid and enforceable assignment of benefits from Hogan that could not be nullified by the unenforceable anti-assignment clause and because VHS was a valid and intended third-party beneficiary under the insurance policy.  VHS additionally contends that the trial court erred in denying its motion for leave to file an amended complaint.

We review de novo a trial court's ruling on a motion for summary disposition.  *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).  This Court also reviews de novo the proper interpretation and application of a contract.  *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).  We likewise review de novo issues of statutory construction.  *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).  An abuse of discretion standard applies when reviewing a ruling on a motion for leave to file an amended complaint.  *Wormsbacher v Phillip R Seaver Title Co, Inc,* 284 Mich App 1, 8; 772 NW2d 827 (2009).

Under generally applicable principles of contract law, rights can be assigned unless the assignment is clearly restricted.  *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004).  An assignee stands in the shoes or position of the assignor, possessing the same rights and being subject to the same defenses as the assignor.  *Id.*  As we indicated earlier, *Covenant* recognized that an insured continues to have the ability to assign his or her right to past or presently due benefits to a healthcare provider.  *Covenant*, 500 Mich at 217 n 40.  *Covenant* triggered a flurry of assignments, and an issue that arose concerned the validity of anti-assignment clauses in insurance policies, such as the one here in State Farm's policy.  In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 200; 920 NW2d 148 (2018), this Court held that an anti-assignment clause was "unenforceable to prohibit the assignment that occurred [in the case]—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy . . . ."  This Court subsequently reaffirmed the holding in *Shah*.  *Henry Ford Health Sys v Everest Nat'l Ins Co*, __ Mich App __, __; __ NW2d __ (2018); slip op at 4 ("Accordingly, we must conclude that the

---

[3] In light of this ruling, the trial court denied a motion by VHS to amend its complaint to add the assignment as an attachment.

anti-assignment clause in defendant's policy is unenforceable because it is contrary to public policy.").

In light of *Shah* and *Henry Ford*, we hold that the trial court erred by ruling that the anti-assignment clause in State Farm's policy with Hogan barred the assignment executed by Hogan in favor of VHS.[4]  We decline State Farm's invitation to create a conflict with *Shah* and to request the convening of a special panel under MCR 7.215(J)(2) and (3).  As noted, *Shah* is now properly before our Supreme Court, and we have no reason to declare a conflict.

Before discussing the third-party beneficiary issue, we will next consider VHS's argument that the trial court erred in denying its motion for leave to file an amended complaint which would add the assignment as an attachment.

VHS was required to attach the assignment to the complaint because its assignment-related claim was "based on a written instrument."  MCR 2.113(C)(1).[5]  An attached written instrument becomes "part of the pleading for all purposes."  MCR 2.113(C)(2).  Summary disposition may be appropriate under MCR 2.116(C)(8) when a written instrument is not attached to a complaint as required.  *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2004).  Acknowledging its failure to attach the assignment to the intervening complaint, VHS asked the court for an opportunity to amend the complaint to do so. MCR 2.116(I)(5) provides that "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court *shall* give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified."  (Emphasis added.)  "Leave shall be freely given when justice so requires."  MCR 2.118(A)(2).  Leave to amend is typically a matter of right; therefore, leave to amend should ordinarily be denied only for particularized reasons such as futility, undue delay, bad faith, dilatory motive, or repeated failures to cure by amendments previously allowed. *Bennett v Russell*, 322 Mich App 638, 647; 913 NW2d 364 (2018).

Here, the trial court denied the motion to amend because the court found that the assignment was unenforceable due to the anti-assignment clause in the insurance policy, rendering an amendment to attach the assignment futile.  In view of our ruling today that the anti-assignment clause is unenforceable under *Shah* and *Henry Ford*, we remand the case to the trial court to address anew VHS's motion for leave to amend the complaint as viewed in the proper context.  See *Shah*, 324 Mich App at 209 ("[B]ecause the antiassignment clause was not enforceable . . ., the trial court erred by granting defendant's motion for summary disposition

---

[4] We recognize that the Michigan Supreme Court has ordered the scheduling of oral argument on the application for leave to appeal filed in *Shah* for the purpose of addressing the issue concerning the validity of anti-assignment clauses.  503 Mich 882 (2018).  But as of today, *Shah* remains binding precedent.  The Supreme Court is holding the appeal in *Henry Ford* in abeyance pending its decision in *Shah*. __ Mich __, issued April 30, 2019 (Docket No. 158904).

[5] This provision was found in MCR 2.113(F)(1) at the time of the lower court proceedings and before our Supreme Court amended the court rule effective September 1, 2018.

without properly applying the law in determining whether an amendment of the pleadings would be futile.").

Finally, with respect to the issue of whether VHS was a third-party beneficiary under the State Farm insurance policy, we note that MCL 600.1405 provides in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

The plain language of MCL 600.1405 reveals that not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise; rather, only intended, not incidental, third-party beneficiaries can sue for breach of the contractual promise. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 427; 670 NW2d 651 (2003). The *Schmalfeldt* Court explained:

> A person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise directly to or for that person. By using the modifier directly, the Legislature intended to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract. An objective standard is to be used to determine, from the form and meaning of the contract itself, whether the promisor undertook to give or to do or to refrain from doing something directly to or for the person claiming third-party beneficiary status. . . . [A] court should look no further than the form and meaning of the contract itself to determine whether a party is an intended third-party beneficiary within the meaning of 1405. [*Id.* at 428 (citations omitted).[6]]

---

[6] In *Covenant*, 500 Mich at 217 n 39, the Supreme Court stated:

> We conclude today only that a healthcare provider possesses no statutory right to sue a no-fault insurer. While defendant argues that a provider likewise possesses no contractual right to sue a no-fault insurer given that healthcare providers are incidental rather than intended beneficiaries of a contract between the insured and the insurer, this Court declines to make such a blanket assertion. That determination rests on the specific terms of the contract between the relevant parties. . . . This Court need not consider whether plaintiff possesses a contractual right to sue defendant in the instant case because plaintiff did not allege any contractual basis for relief in its complaint.

In *Schmalfeldt*, the plaintiff was at a bar when he became embroiled in a fight with another bar patron over a game of pool. During the fight, the plaintiff was struck in the face and injured. He required extensive dental work costing $1,921. After the bar refused to cover the plaintiff's dental expenses, he sought payment directly from the bar's insurer, which had issued a commercial liability insurance policy to the bar's owner. The plaintiff claimed a right as a third-party beneficiary to benefits under the medical-payments provision of the insurance policy, which obligated the insurer to pay up to $5,000 in medical expenses for a bodily injury caused by an accident on the premises regardless of fault. The insurer ultimately refused to pay any benefits to the plaintiff. *Id.* at 423-424. Our Supreme Court ruled:

> [T]he contract contains no promise to directly benefit [the plaintiff] within the meaning of 1405. Nothing in the insurance policy specifically designates [the plaintiff], or the class of business patrons of the insured of which he was one, as an intended third-party beneficiary of the medical benefits provision. At best, the policy recognizes the possibility of some incidental benefit to members of the public at large, but such a class is too broad to qualify for third-party status under the statute. [*Id.* at 429.]

VHS relies on certain language in the insurance policy to support its third-party beneficiary argument.[7] Specifically, VHS cites the following language in the policy, "Allowable expenses are all reasonable charges incurred for reasonably necessary products, services and accommodations for an insured's care, recovery or rehabilitation."

We hold that the trial court correctly concluded that VHS was nothing more than an incidental beneficiary under the insurance policy. The insurance policy language VHS cites contains no promise by State Farm undertaken directly to VHS or healthcare providers generally within the meaning of MCL 600.1405. Nothing in the policy expressly designates VHS or a

---

[7] State Farm contends that VHS abandoned the argument that the insurance policy formed the basis of the third-party beneficiary claim given that VHS's counsel stated as follows at the summary disposition hearing:

> I would argue that there is certainly a third-party beneficiary agreement in place, pursuant to a separate contract, not the policy of insurance but rather under a Cofinity agreement, in which there is an intended beneficiary. Defendant, as an insurance company, has agreed to pay reasonable charges at a set rate to VHS of Michigan, based on a separate contract.

Although counsel made this statement, in its complaint VHS relied on the insurance policy for its claim that it was a third-party beneficiary, and it likewise referenced the insurance policy in its brief in response to State Farm's motion for summary disposition. Regardless, as discussed below, we ultimately reject VHS's argument on appeal that relies on the insurance policy as the relevant contract.

class of healthcare providers as intended third-party beneficiaries of the contract. Healthcare providers are not directly referred to in the insurance policy language relied on by VHS, and State Farm certainly does not make a specific promise to healthcare providers that it will pay them PIP benefits. The insurance policy makes promises to the insureds, not VHS or healthcare providers; consequently, VHS fails to state a claim for PIP benefits under a third-party beneficiary theory.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Considering our reversal of the summary disposition ruling, we award taxable costs to VHS as the prevailing party under MCR 7.219.

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello