*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY SHAW,

        Plaintiff-Appellant,

and

PERFORMANCE ORTHOPEDICS OF
MICHIGAN, PLLC,

        Intervening Plaintiff,

v

JOHN DOE, BERKSHIRE HATHAWAY
HOMESTATE INSURANCE COMPANY, and
FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendants,

and

MARINA TRANSPORTATION, LLC,

        Defendant-Appellee.

UNPUBLISHED
July 14, 2025
10:11 AM

No. 368790
Wayne Circuit Court
LC No. 20-011035-NI

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the trial court's order granting summary disposition to defendant, Marina Transportation, Inc. (Marina),[2] under MCR 2.116(C)(8) (failure to state a claim). We affirm in part, reverse in part, and remand.

## I. FACTUAL BACKGROUND

This matter was previously before us in 2023. We gave the following explanation of the underlying facts:

> The facts of this case are heavily disputed. On August 28, 2019, plaintiff scheduled a ride to a medical appointment through LogistiCare. Defendant is a subcontractor for LogistiCare and was assigned to drive plaintiff that day. Defendant maintains that the ride was canceled before plaintiff was picked up. Plaintiff, on the other hand, claims that one of defendant's employees picked him up from his home as scheduled.

> Both plaintiff and his wife testified that plaintiff got picked up by a vehicle that matched the description of a 2008 Toyota Sienna that was assigned to the suspected driver on the day in question. Plaintiff claims that the accident occurred a few blocks from his home at the intersection of Esper Street and Manor in Detroit. Defendant's vehicle was traveling southwest on Esper Street; the other vehicle was traveling southbound on Manor. All the streets have stop signs at that intersection. Plaintiff testified that he was looking down at some paperwork when a vehicle hit defendant's vehicle on the rear passenger side door, causing them to spin out onto the grass. The other vehicle drove off. According to plaintiff, he asked the driver to call the police and the driver stated that he "had to call his boss first." The driver also told plaintiff to exit the vehicle to look at the damage. While plaintiff was talking to a neighbor who had heard the accident, the driver left the scene, leaving plaintiff stranded and forced to walk home.

> Plaintiff claims to have suffered a serious impairment of body function as a result of the accident and that defendant, as the suspected driver's employer, was vicariously liable for the driver's negligence. Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). The trial court denied the motion on the basis that, given the competing claims and evidence, there were genuine issues of material fact precluding summary disposition. [*Shaw v Doe*, unpublished per curiam

---

[1] *Shaw v Doe*, unpublished order of the Court of Appeals, entered April 8, 2024 (Docket No. 368790).

[2] Defendants John Doe, Berkshire Hathaway Homestate Insurance Company, and Farm Bureau Mutual Insurance Company of Michigan are not parties in this appeal. We also note that the parties stipulated to dismiss intervening plaintiff, Performance Orthopedics.

opinion of the Court of Appeals, issued May 25, 2023 (Docket No. 360782), unpub op at 2 (footnote omitted).]

The omitted footnote explains that the suspected driver of Marina's vehicle, "Albert Whitney, has died and was never deposed." *Id*. at 2 n 2.

After this Court's remand, Marina again moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact), asserting that plaintiff's complaint was legally insufficient because it stated that Marina, as an entity, was liable for negligence. According to Marina, plaintiff's first amended complaint did not raise any appropriate theories of liability, such as vicarious liability, or the owner's-liability statute, MCL 257.401(1), thus entitling Marina to summary disposition. Plaintiff disagreed, but in the alternative, requested permission to amend his complaint. The trial court granted Marina's motion under MCR 2.116(C)(8), but never addressed plaintiff's request to amend his complaint. Plaintiff moved for reconsideration, arguing that the trial court should have granted him an opportunity to amend his complaint under MCR 2.116(I)(5). The trial court denied the motion for reconsideration, stating that "the Court does not find palpable error by which the court and the parties have been misled, and does not find that a different disposition must result." This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews motions for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Here, the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim. *Mays v Governor*, 506 Mich 157, 172-173; 954 NW2d 139 (2020). "We accept all factual allegations in the complaint as true, deciding the motion on the pleadings alone." *Id*. at 173. To the extent that this case concerns questions of statutory interpretation, we likewise review those issues de novo. *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

Additionally, "[a] trial court's decision on a motion to amend the pleadings is generally reviewed for an abuse of discretion." *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (quotation marks and citation omitted; alteration in original).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted Marina's motion for summary disposition under MCR 2.116(C)(8) because plaintiff's first amended complaint was not legally insufficient. In the alternative, plaintiff argues that the trial court abused its discretion when it did not allow him to amend his first amended complaint. While we agree that summary disposition was proper because plaintiff's first amended complaint was legally insufficient, the trial court

abused its discretion by failing to properly address plaintiff's request for leave to amend his complaint.

To establish a prima facie claim of negligence, a plaintiff must present evidence showing "(1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty." *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). "Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Id*. The typical duty owed to a plaintiff "often is described as an ordinary-negligence standard of care." *Id*. at 499-500. "Under ordinary-negligence principles, a defendant owes a plaintiff a duty to exercise ordinary care under the circumstances." *Id*. at 500.

"Generally, Michigan law will impose liability upon a defendant only for his or her own acts of negligence, not the tortious conduct of others." *Laster v Henry Ford Health Sys*, 316 Mich App 726, 734; 892 NW2d 442 (2016). However, under the doctrine of respondeat superior, "an employer may be liable for the negligent acts of its employee if the employee was acting within the scope of his employment." *Id*. "Similarly, in the absence of an employer-employee relationship, vicarious liability may also attach through the concept of agency." *Id*. In sum, "[v]icarious liability is indirect responsibility imposed by operation of law." *Id*. at 735 (citation omitted). "Courts impose indirect responsibility on the principal for his or her agent's torts as a matter of public policy, but the principal, having committed no tortious act, is not a 'tortfeasor' as that term is commonly defined." *Id*. (citation omitted). "Rather, to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently." *Id*. (citation omitted). Critically, the principal's liability is "indirect," meaning the principal did not itself commit a tortious act. *Id*.

MCL 257.401 likewise provides a statutory basis for imposing responsibility on a vehicle's owner for negligent operation by its driver. The statute states, in relevant part, that "[t]he owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law." MCL 257.401(1). In *Reese v James*, 348 Mich App 454, 461; 19 NW3d 386 (2023), this Court confirmed that "an owner is unequivocally liable for the driver's negligence" under the statute. Our Supreme Court has similarly noted that a "vehicle's owner may be liable on the basis of someone else's negligent operation of the vehicle if the vehicle is driven with the owner's express or implied consent or knowledge." *Milne*, 513 Mich at 11 (quotation marks and citation omitted).

Marina moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that plaintiff's complaint failed to include factual allegations supporting his negligence claim against Marina. Specifically, Marina explained that the complaint failed to clarify how Marina itself was liable for negligence. Our review of plaintiff's first amended complaint indicates that he listed John Doe and Marina under the heading "vehicular negligence." Plaintiff then asserted that Marina drove the vehicle in which he rode on the day of the collision. Although Marina's *driver* need not be specifically named in the complaint under the owner's liability statute, see *Freed v Salas*, 286 Mich App 300, 311-312; 780 NW2d 844 (2009), Marina is correct that the complete lack of reference to negligence committed by a driver employed by Marina in the first amended complaint

-4-

suggests that plaintiff failed to plead a valid negligence claim under a theory of respondeat superior.

Plaintiff additionally concedes that it erroneously argued in its complaint that Marina violated MCL 357.402, which does not exist. In his response to Marina's motion for summary disposition, plaintiff noted that this was a typographical error and "was intended to be MCL 257.401, the Owner Liability Act." At the hearing on Marina's motion for summary disposition, Marina contended that the citation made no sense and did not refer to the Owner Liability Act. This is not a fair reading of the complaint. Before the erroneous citation, plaintiff stated that Marina "fail[ed] to maintain a proper lookout and in otherwise negligently operating a motor vehicle so as to cause a collision, injury and harm to your Plaintiff in violation of MCLA 357.402, MSA 9.2101; MCLA 257.643, MSA 257.627, MSA 9.2327 and appropriate amendments thereto[.]" Thus, directly after plaintiff cited "MCLA 357.402", it also cited "MSA 9.2101." As plaintiff has explained, "MSA 9.2101" is the MSA citation to MCL 257.401. Regardless of any typographical errors, however, plaintiff's claim in relation to MCL 257.401 asserts that Doe and Marina Transportation are liable for vehicular negligence because they each negligently operated vehicles and left the scene of the collision. There is no mention of Marina Transportation's *employee* negligently operating the vehicle, which would result in Marina Transpiration's liability under respondeat superior or the owner's-liability statute.

Plaintiff also argues that in its prior opinion, this Court "specifically held that there remains a genuine issue of material fact as to whether [Marina]'s driver was negligent, thereby retaining the basis for a vicarious liability claim against [Marina]." Plaintiff is correct, as this Court did find that a genuine issue of material fact existed regarding whether that driver was negligent. *Shaw*, unpub op at 4. But while there are factual disputes regarding the driver's negligence, it is a leap of logic to assume that this Court's holding impliedly triggers a respondeat-superior or vicarious-liability claim against Marina absent plaintiff properly formulating these arguments in his complaint.[3]

Ultimately, we hold that the trial court did not err by granting Marina's motion for summary disposition under MCR 2.116(C)(8). "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). As this Court has held, a trial court evaluates motions under MCR 2.116(C)(8) "by looking to the pleadings alone and accepting their factual allegations as true to determine whether the plaintiffs alleged a legally sufficient claim." *Krieger v Dep't of Environment*, 348

---

[3] Plaintiff additionally argues that the law-of-the-case doctrine applies, citing this Court's remand to the trial court because of the factual dispute over the negligence of Marina's driver, after finding the driver was Marina's employee. Plaintiff did not raise the law-of-the-case doctrine issue before the trial court on remand. The issue is therefore waived, and we decline to address it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023).

Mich App 156, 162; 17 NW3d 700 (2023). The nature of plaintiff's claim was that Marina, an entity, negligently operated the vehicle, which is factually and legally untenable.

However, we note that plaintiff made its respondeat-superior argument in everything but name—as evidenced by the fact that Marina consistently defended against plaintiff's negligence claim by arguing that plaintiff could not establish a question of fact as to whether Marina's driver was negligent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings. In that case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at any time, even after judgment." MCR 2.118(C)(1). Additionally, under MCR 2.116(I)(5),

> [i]f the grounds [in a motion for summary disposition] asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

Moreover, "leave [to amend] shall be freely given when justice so requires." MCR 2.118(A)(2). "[A] motion to amend should ordinarily be denied only for particularized reasons." *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009). "Reasons that justify denying leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant, or futility." *Id*. "An amendment is futile where the paragraphs or counts the plaintiff seeks to add merely restate, or slightly elaborate on, allegations already pleaded." *Id*. at 9 (quotation marks and citation omitted). A court that denies a motion to amend "should specifically state on the record the reasons for its decision." *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997).

The trial court granted summary disposition to Marina under MCR 2.116(C)(8), but did not address plaintiff's request to amend the pleadings. On reconsideration, the trial court again denied plaintiff's request to amend the pleadings. In the order denying the motion for reconsideration, the trial court did not indicate whether it had considered MCR 2.116(I)(5) and MCR 2.118, or engaged in an analysis of the relevant factors under *Wormsbacher*, 284 Mich App at 8. There is no evidence that the trial court entertained the request at all. But regardless, the use of the word "shall" in MCR 2.116(I)(5) indicates that the trial court was required to adhere to the court rule. See *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013) ("[T]he word 'shall' generally indicates a mandatory directive, not a discretionary act"). Accordingly, for the foregoing reasons, the trial court abused its discretion by failing to address plaintiff's request for leave to amend the complaint. On remand, the court must specifically address whether plaintiff should be permitted to amend his complaint.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates